**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ISAAC JONATHAN MARBIAL, *a/k/a Isaac Jonathan Lelonek*,<br>Plaintiff,<br>v.<br>PADSPLIT, INC.,<br>Defendant. | Civil Action No.<br>1:25-cv-05386-SDG |

**OPINION AND ORDER**

This matter is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of Plaintiff Isaac Jonathan Marbial's Complaint. [ECF 5]. After careful review, the Complaint is **DISMISSED without prejudice**.

## I. LEGAL STANDARD

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A claim that is arguable, "but ultimately will be unsuccessful,

. . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991). Section 1915(d)'s term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

The Court recognizes that Marbial is appearing *pro se*.[1] Thus, it must construe the Complaint leniently and hold the pleading "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*, 148

---

1 Plaintiff is also proceeding *in forma pauperis*. ECF 1.

F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, "once a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II. BACKGROUND

The Complaint names PadSplit, Inc. as the sole Defendant.[2] According to its website, PadSplit is an online platform offering "private rooms to rent," which are independently owned and managed.[3] Marbial alleges that he created a PadSplit account to secure affordable housing, but, before he could do so, PadSplit suspended his account on August 20, 2025; Marbial asserts that PadSplit's explanation for the suspension was "because certain user details matched those of

---

2 ECF 5, at 1.

3 *What is PadSplit?*, PADSPLIT, https://www.padsplit.com/what-is-padsplit [https://perma.cc/SR4E-VFTP] (last visited June 5, 2026). The Court takes notice of PadSplit's definition of its business in accordance with Fed. R. Evid. 201.

[his] late fiancé" who had passed away years prior.[4] Marbial thought this explanation was ungrounded because, while his late fiancé had been a PadSplit member and had listed Marbial as an emergency contact, the two were never joint account holders.[5] Marbial alleges that he explained this to PadSplit, but PadSplit maintained the suspension.[6] PadSplit allegedly promised to rescind the suspension; however, when Marbial later tried to book housing, the suspension was still in place.[7] Marbial accused PadSplit of discriminating against him based on his "association with another member," his sexual orientation, his "race/national origin," and his "disabilities."[8] On August 25, 2025, after Marbial accused PadSplit of discrimination, PadSplit allegedly again promised to rescind his suspension and reinstate his account.[9] Marbial alleges that, as of September 19, 2025, his account was still suspended.[10]

Marbial asserts the following five causes of action: (1) violation of the federal Fair Housing Act (FHA), (2) violation of the Georgia Fair Housing Act (GFHA),

---

4 ECF 5, ¶¶ 6–7.

5 *Id.* ¶ 8.

6 *Id.* ¶¶ 8–9.

7 *Id.* ¶¶ 11–12.

8 *Id.* ¶ 10.

9 *Id.* ¶ 12.

10 *Id.* ¶ 13.

(3) promissory estoppel, (4) negligent misrepresentation, and (5) "associational discrimination," which he contends is in violation of the FHA and GFHA.[11] Marbial argues that there is federal question jurisdiction under 28 U.S.C. § 1331, because of his FHA claims, and supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining state law claims.

## III. DISCUSSION

### A. Marbial's FHA claims are frivolous.

#### 1. Section 3604

Marbial alleges that PadSplit's "refusal to reinstate [his PadSplit] account constitutes making housing unavailable because of [his] sexual orientation, race/national origin, [and] disability," in violation of § 3604 of the FHA.[12] Section 3604 makes it unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" or "because of a handicap of . . . that buyer or renter." 42 U.S.C. § 3604(a)–(f)(1). Under the FHA, a handicap is a "physical or mental impairment which substantially limits one or more of such person's major life activities" for which there is "a record of [such person] having such an impairment" or of such person "being regarded as having such an impairment."

---

[11] *Id.* ¶¶ 14–18.

[12] *Id.* ¶ 14.

*Id.* § 3602(h). The FHA does not explicitly protect against discrimination on the basis of sexual orientation, and it is unclear whether it extends that far (though the Court need not resolve that issue here).[13]

To prevail on a claim under the FHA, a plaintiff must demonstrate "unequal treatment on the basis of [his protected characteristic] . . . that affects the availability of housing." *Jackson v. Okaloosa Cnty.*, 21 F.3d 1531, 1542 (11th Cir. 1994). A plaintiff can establish an FHA violation by proving intentional discrimination (disparate treatment), discriminatory impact (disparate impact), or a refusal to make a reasonable accommodation. *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009). Here, Marbial's allegations—while not clearly proceeding under any of these theories—seem to suggest disparate treatment.

To state a claim for disparate treatment under the FHA, a plaintiff must plausibly allege that (1) he is a member of a protected class and (2) an adverse

---

13 *See Gueltzau v. Warehime*, 2025 WL 2402270, at *1 n.2 (D. Neb. Aug. 19, 2025) ("[I]t is unclear [whether] a claim for sexual orientation may proceed under the FHA . . . ."); *cf. Schs. of the Ozarks, Inc. v. Biden*, 41 F. 4th 992, 995 (8th Cir. 2022) (explaining that, for the prior ten years, HUD had interpreted the Fair Housing Act "to prohibit discrimination on the basis of . . . sexual orientation when the discrimination was motivated by perceived nonconformity with gender stereotypes"); Mem. from the Office of Fair Housing & Equal Opportunity (Feb. 11, 2021) (stating that, upon implementation of Exec. Order. 13988, within the Fair Housing Act, sex discrimination includes discrimination on the basis of sexual orientation); *but see* Exec. Order No. 14168, 90 FR 8615 (2025) (rescinding Exec. Order No. 13988).

housing action was taken against him ***because of*** his protected characteristic. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016). While Marbial has sufficiently alleged that he is a member of a protected class, he has not plausibly alleged that PadSplit discriminated against him because of his protected characteristics.[14] The Complaint contains no allegations that PadSplit was aware of Marbial's race, sexuality, or mental health disorders prior to initiating the suspension. PadSplit only learned of Marbial's protected characteristics once he accused it of discriminating against him on that basis. That the account remained suspended after Marbial made his accusation does not plausibly suggest discrimination; rather, the "obvious alternative explanation" is that the account remained suspended for whatever reasons occasioned the initial suspension. *Twombly*, 550 U.S. at 544. As such, Marbial has failed to state a § 3604 claim.

**2. Section 3617**

Marbial further alleges that PadSplit's refusal to reinstate his account violated § 3617 of the FHA.[15] Section 3617 makes it unlawful to "coerce, intimidate,

---

[14] The Fair Housing Act's language is broad in describing who may be sued. 42 U.S.C. § 3604 ("[I]t shall be unlawful . . . to . . . make unavailable or deny[ ] a dwelling to any person . . . ."). As such, online housing platforms are not immune from being sued under the FHA. *See Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1171–74 (9th Cir. 2008) (stating that a website operator is not strictly immune under 47 U.S.C. § 230 of the Communications Decency Act when using data provided by third parties).

[15] *Id.* ¶ 14.

threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by Section 3603, 3604, 3605, or 3606" of the FHA. One way to successfully plead a § 3617 claim is to "plausibly alleged an underlying violation of one of the four statutes." *Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1044 (11th Cir. 2025). As discussed above, Marbial has not plausibly alleged that PadSplit violated § 3604, and he does not assert that it violated any other section of the FHA.

But, "[t]he Eleventh Circuit, unlike most courts, has concluded that Section 3617 does not require proof of violation of Sections 3603–3606 in order to create liability." *Truesdale v. Venice Arms, Inc.*, 713 F. Supp. 3d 1350, 1356 (S.D. Fla. 2024) (citing *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 722 (11th Cir. 1991)). As such, a plaintiff may also successfully plead a violation of § 3617 by plausibly alleging that "(1) a defendant coerced, intimidated, threatened, or interfered; (2) with a; (a) plaintiff's exercise of a right under Sections 3603–3606; (b) plaintiff's enjoyment of a housing right after exercise of that right; or (c) plaintiff's aid or encouragement to a protected person to exercise or enjoy a housing right; (3) because of discriminatory animus." *Id.* (citations omitted). At a minimum, Marbial's § 3617 claim fails for the same reason that his § 3604 claim fails: The Complaint contains no allegations plausibly suggesting that the continued suspension of Marbial's account was because of discriminatory animus.

**3. Associational Discrimination**

Marbial also claims that PadSplit discriminated against him for his association with a protected person, his late fiancé, in violation of § 3604 and the FHA generally.[16] The only section of the FHA that discusses associational discrimination is § 3604(f)(1)(C), which makes it unlawful to "make unavailable . . . a dwelling to any buyer or renter because of a ***handicap*** of . . . any person associated with that buyer or renter." (Emphasis added.) But Marbial does not allege that his late fiancé was disabled; as such, his associational discrimination claim fails to state a claim upon which relief can be granted.

In sum, each of Marbial's federal FHA claims fails to state a claim, and therefore, they do not survive frivolity review.

**B. State Law Claims**

The remaining claims are all state law claims, which Marbial asserts are properly before this Court on the basis of supplemental jurisdiction. Consistent with the deference given to state courts on issues of state law, there are limited circumstances in which federal courts may exercise supplemental jurisdiction over state-law claims. *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 865 (11th Cir. 2022); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (explaining that supplemental jurisdiction "permits federal courts to decide

---

16 *Id.* ¶¶ 14, 18.

certain state-law claims involved in cases raising federal questions when doing so would promote judicial economy and procedural convenience") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-49 (1988)). One such circumstance, which appears to be the basis for supplemental jurisdiction in this case, is when the state-law claims "arise out of a common nucleus of operative fact with a substantial federal claim." *Silas*, 55 F.4th at 865. Because Marbial's federal claims are frivolous, as discussed above, and this case is in the earliest stage of litigation, the Court declines to exercise supplemental jurisdiction.

## IV. Conclusion

Marbial's Complaint does not survive frivolity review. The Complaint is therefore **DISMISSED without prejudice** under 28 U.S.C. § 1915(e). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 13th day of August, 2026.

Steven D. Grimberg
United States District Judge